**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VOLCY HARDAWAY,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:12-2168** |
| v. | : | **(CAPUTO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **United States of America and Warden DAVID EBBERT,** | : | |
| | : | |
| **Respondents** | : | |
| | : | |

## **REPORT AND RECOMMENDATION**[1]

On October 31, 2012, the petitioner filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, (Doc. No. 1), as well as a motion to proceed *in forma pauperis*, (Doc. No. 2). Though filed under Rule 60, the court finds that the document is, in fact, a motion for a writ of habeas corpus and should be filed pursuant to 28 U.S.C. §2255. Though the petitioner articulates his claims in the terms of fraud and newly discovered information, his claims sound in habeas and pose broad challenges to his underlying federal conviction and sentence. In addition the

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

petitioner claims jurisdiction under 28 U.S.C. §1651, a general provision authorizing court to grant writs, and makes several references to the writ of habeas corpus within the document itself. Accordingly, the court will construe the petitioner's filing as a motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255.

Consequently, the court recommends this action be transferred to the United States District Court for the Middle District of Florida, as this court lacks jurisdiction over the instant petition. *See* 28 U.S.C. §2255(a).[2] Although the petitioner is an inmate at the United States Penitentiary at Canaan in Waymart, Pennsylvania, within the jurisdiction of the Middle District of Pennsylvania, he was sentenced in the United States District Court for the Middle District of Florida as reflected by the docket in criminal matter 8:08-cr-270. (Doc. No. 1, Att. 1). Therefore, as this court does not have jurisdiction, the court recommends that, pursuant to 28 U.S.C. §1631, the petition be transferred to the United States District Court for the Middle District of Florida

---

[2] A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. §2255(a).

where the matter could have properly been brought.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

**(1)** The petition, (Doc. No. 1), be construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255;

**(2)** The Clerk of Court shall transfer this petition, (Doc. No. 1), to the United States District Court for the Middle District of Florida;

**(3)** Any ruling on the motion to proceed *in forma pauperis*, (Doc. No. 2) should be deferred to the United States District Court for the Middle District of Florida; and

**(4)** The Clerk of Court close this case.

*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated: November 5, 2012**
O:\shared\REPORTS\2012 Reports\12-2168-01.wpd

3