**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VOLCY HARDAWAY,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA and<br>WARDEN DAVID EBBERT,<br><br>    Respondents. | CIVIL ACTION NO. 3:12-CV-2168<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE MANNION) |

## **MEMORANDUM**

Presently before the Court are the Magistrate Judge's[1] Report and Recommendation ("R&R") (Doc. 5) and Petitioner Volcy Hardaway's objections (Doc. 9). The Magistrate Judge recommends that Mr. Hardaway's Motion for Relief from Judgment Under Federal Rule of Civil Procedure Rule 60 (Doc. 1) be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, that the action be transferred to the United States District Court for the Middle District of Florida, and that any ruling on Mr. Hardaway's pending Motion for Leave to File *In Forma Pauperis* (Doc. 2) be deferred to the United States District Court for the Middle District of Florida. (Doc. 5 at 3.) Because Mr. Hardaway's Rule 60 motion seeking relief from judgment is properly construed as a § 2255 motion to vacate, set aside, or correct his sentence, which must be filed in the court that imposed the sentence which he now challenges, the R&R will be adopted.

## **BACKGROUND**

Petitioner Volcy Hardaway is a prisoner at the Federal Correctional Institution, Morgantown. He is serving a federal sentence, imposed by the United States District Court for the Middle District of Florida, for (1) conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and

---

[1] The caption reflects Judge Mannion's office as a Magistrate Judge when he issued the Report and Recommendation here under review. He has since become a United States District Judge.

841(b)(1)(A); and (2) possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Mr. Hardaway states that he is currently serving a 97-month term for these convictions. On October 31, 2012, Mr. Hardaway, who was incarcerated at the United States Penitentiary, Canaan in Waymart, Pennsylvania at the time, filed a Motion for Relief From Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure (Doc. 1) and a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). Mr. Hardaway seeks for his conviction to be vacated because newly-discovered evidence reveals that the prosecutor in his case perpetrated a fraud on the court, that his sentence was imposed in violation of the United States Constitution and federal law, and that the court was without jurisdiction to sentence him. (Doc. 4 at 2–3.)

In a R&R dated November 5, 2012, the Magistrate Judge, construing Mr. Hardaway's Rule 60 motion as one to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, recommended that this action be transferred to the United States District Court for the Middle District of Florida because this Court lacks jurisdiction over the petition. (Doc. 5 at 2–3.) Mr. Hardaway timely filed objections to the R&R on November 19, 2012, arguing that this Court has jurisdiction over his motion, which he maintains is filed pursuant to Federal Rule of Civil Procedure 60(d)(3) rather than 28 U.S.C. § 2255. (Doc. 9.) Thus, the R&R is ripe for disposition.

## DISCUSSION

**I. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.

2

*See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the R&R to which the petitioner objects *de novo*. The remainder of the R&R is reviewed for clear error.

**II. Analysis**

The gravamen of Mr. Hardaway's objections to the R&R is that his motion is not a § 2225 motion to vacate, set aside, or correct his sentence, as the Magistrate Judge has construed it, but rather one filed under Federal Rule of Civil Procedure Rule 60(d)(3), which "does not limit a court's power to set aside a judgment for fraud on the court." (Doc. 8 at 1, Doc. 9 at 1.) The Court finds this argument to be unavailing.

The United States Court of Appeals for the Third Circuit has noted that "'federal courts . . . have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.'" *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (quoting *United States v. Jordan,* 915 F.2d 622, 624-25 (11th Cir.1990)). "This obligation stems from the time-honored practice of construing pro se plaintiffs' pleadings liberally." *Id.*

Although Mr. Hardaway has styled his motion as one pursuant to Federal Rule of Civil Procedure 60(d)(3), as he claims that the prosecutor in his criminal case committed a fraud on the court by withholding and overstating evidence against him (Doc. 1 at 2, 4), "Civil Rule 60(d)(3) is a civil rule and therefore an inappropriate vehicle to vacate a criminal sentence." *United States v. Franklin*, No. 99-CR-238, 2008 WL 4792168, at *3 (E.D. Pa. Oct. 31, 2008) (citing *United States v. Pope*, 124 F. App'x 680, 682 (2d Cir. 2005); *United States v. Wallace*, 82 F. App'x 701, 701 (1st Cir. 2003)). Because it is clear that Mr. Hardaway seeks to have his conviction and sentence set aside on the grounds that both are

unconstitutional and the sentencing court was without jurisdiction to sentence him (Doc. 1 at 2, 10–13), he is required to pursue such relief through a petition filed pursuant to 28 U.S.C. § 2255, which provides "the usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *see also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999). As 28 U.S.C. § 2255(a) requires that motions for relief filed pursuant to it must be filed in the district court where the defendant was sentenced,[2] any such claim for the relief sought by Mr. Hardaway must be filed in United States District Court for the Middle District of Florida, which imposed the sentence he seeks to challenge. Therefore, the Magistrate Judge was correct to recommend that the Court construe Mr. Hardaway's motion (Doc. 1) as a § 2255 motion to vacate, set aside, or correct his sentence and transfer this action to the United States District Court for the Middle District of Florida. Accordingly, the Magistrate Judge's R&R (Doc. 5) will be adopted.

## **CONCLUSION**

For the reasons stated above, the Magistrate Judge's R&R (Doc. 5) will be adopted. This action will be transferred to the United States District Court for the Middle District of Florida, and a ruling on Mr. Hardaway's § 2255 motion to vacate, set aside, or correct his sentence (Doc. 1) and his motion to proceed *in forma pauperis* (Doc. 2) will be left to that court.

An appropriate order follows.


February 4, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[2] 28 U.S.C. §2255(a) provides that: "A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence."